IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENAISSANCE RIBBONS, INC., a California Corporation,

    Plaintiff,

  v.

HADLEY POLLET, LLC,

    Defendant.
_____/

No. 2:07-CV-1271-JAM-DAD

ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT

    Renaissance Ribbons, Inc. ("Plaintiff") brought this action against Hadley Pollet, LLC ("Defendant") for Entry of Stipulated Judgment. Plaintiff now moves for Judgment Pursuant to Terms of Settlement. Defendant opposes the Motion. For the reasons stated below, Plaintiff's Motion is DENIED.[1]

BACKGROUND

    On September 1, 2005, Plaintiff filed an action in Yuba County Superior Court against Defendant for failure to pay for

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

1

goods sold and delivered.  Defendant subsequently removed the action to federal court.  On or about October 20 and 21, 2005 the Parties reached a settlement.  As a result of the settlement agreement, the action was voluntarily dismissed with prejudice on October 31, 2005.  The settlement agreement was later modified on November 20, 2006.

On June 26, 2007, Plaintiff filed an action in this Court for entry of a stipulated judgment.  Docket at 1.  On February 27, 2008, this Court entered a stipulated judgment in the amount of $143,894.70 plus costs and attorneys' fees.  Docket at 33.  However, on April 22, 2008, the Court vacated the stipulated judgment.  Docket at 43.  On August 18, 2008, Plaintiff moved for Judgment Pursuant to Terms of Settlement.  Docket at 46.

OPINION

Plaintiff seeks to enforce its settlement agreement under California Code of Civil Procedure § 664.6, which states:

> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.

As a threshold matter, the Court must determine whether California Code of Civil Procedure § 664.6 applies in this Court under Erie Railroad v. Tompkins, 304 U.S. 64 (1938).  "Under the

Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, 518 U.S. 415, 427 (1996).  However, "[c]lassification of a law as 'substantive' or 'procedural' for Erie purposes is sometimes a challenging endeavor."  Id. (internal citation omitted).

Before applying the Erie analysis, the Court must determine whether the Cal. Code. Civ. Proc. § 664.6 directly conflicts with the Federal Rules of Civil Procedure.  See Hanna v. Plumer, 380 U.S. 460, 470 (1965) ("The Erie rule has never been invoked to void a Federal Rule."); see also Burlington N. R. Co. v. Woods, 480 U.S. 1, 4-5 (1987) ("The initial step is to determine whether, when fairly construed, the scope of [the Federal Rule] is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law.") (internal citation omitted).  In this instance, Defendant points to no Federal Rule of Civil Procedure that conflicts with Cal. Code Civ. Proc. § 664.6.  Therefore, the Court may proceed with the Erie analysis.

Next, the Court must determine whether application of the state rule is likely to determine the outcome of the lawsuit. See Gasperini, 518 U.S. at 427.  The Supreme Court has noted:

> Where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.

Guaranty Trust Co. v. York, 326 U.S. 99, 109 (1945) (finding state statutes of limitations to be outcome determinative); see also Palmer v. Hoffman, 318 U.S. 109 (1943) (same for state burdens of proof); Woods v. Interstate Realty Co., 337 U.S. 535 (1949) (same for state law barring suits by companies which had failed to register to do business in state).  Cal. Code Civ. Proc. § 664.6 is outcome determinative because it is a mechanism without which Plaintiff would not be able to summarily enforce its settlement agreement.  Accordingly, to ensure that the outcome of the litigation would be the same as if it had been brought in state court, Cal. Code Civ. Proc. § 664.6 should apply.

   Finally, the Court must consider whether there is any overriding federal interest in applying federal law over state law.  See Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525, 538 (1958).  Because Defendant has failed to identify any strong federal interest in preventing the enforcement of settlement agreements, the Court finds that Cal. Code Civ. Proc. § 664.6 applies in the present action.

Under Cal. Code Civ. Proc. § 664.6, the Court may enter judgment pursuant to a written settlement agreement. However, a party may not enforce a settlement agreement under Cal. Code Civ. Proc. § 664.6 through a new action. See Viejo Bancorp v. Wood, 217 Cal.App.3d 200, 206 (1989) ("*Code of Civil Procedure section 664.6* is unavailable here since the old action was not pending at the time the court sought to enter judgment."). Until a party moves to vacate the previous dismissal, the court does not have subject matter jurisdiction to enter judgment in the previous action. Id.

In this case, the settlement agreement was made in the context of a previous action that was voluntarily dismissed. Because the previous action is no longer pending, this Court does not have subject matter jurisdiction over it. Accordingly, the Court cannot enforce the settlement agreement under Cal. Code Civ. Proc. § 664.6.

ORDER

For the reasons stated above, Plaintiff's Motion for Judgment Pursuant to Terms of Settlement is DENIED.

IT IS SO ORDERED.

Dated: December 5, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5