UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENAISANCE RIBBONS, Inc., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>HADLEY POLLET, LLC, a Massachusetts Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>        Defendant. | Case No.S:07-CV-01271 JAM-DAD<br><br>**PRETRIAL CONFERENCE ORDER** |

Pursuant to court order, a Pretrial Conference was held on October 22, 2010 before Judge John Mendez.  David Springfield appeared as counsel for plaintiff; Geoffrey O. Evers appeared as counsel for defendant.  After hearing, the court makes the following findings and orders:

### I.   JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. Section 1332, and has previously been found to be proper by order of this court, as has venue.  Those orders are confirmed.

///

1

## II. JURY/NON-JURY

Plaintiff has requested a court trial.  The Court grants this request.

## III. UNDISPUTED FACTS

At issue is determination of the total amount of money due, if any, under a contract, a settlement agreement plaintiff claims was breached by defendant Hadley Pollet.  The Settlement Agreement, attached to the operative First Amended Complaint as Exhibit A is not disputed to exist as a contract between the parties and its terms are not in dispute.

## IV.  DISPUTED FACTUAL ISSUES

Plaintiff claims that defendant breached by not paying as due since May of 2007, but defendant denies this (paragraph 11 of Answer to First Amended Complaint).  Defendant admits that no payments have been made since May 2007.

## V. DISPUTED EVIDENTIARY ISSUES

None.

## VI. RELIEF SOUGHT

Plaintiff Renaissance Ribbons requests the full amount of money due and interest to be awarded in a judgment.  She also requests an order to award her reasonable attorneys' fees in the amount according to proof at the time of trial or thereafter on noticed motion, in the discretion of the Court, because Hadley Pollet has refused to withdraw its claims and defenses, without basis (according to plaintiff).

## VII. POINTS OF LAW

The parties are not required to file trial briefs.  If a party desires to file a trial brief, it shall be E-filed with the court

1  no later than seven (7) days prior to the date of trial, i.e.,
2  December 6, 2010. Any points of law not previously argued to the
3  Court may be briefed in the trial briefs.

4                    VIII.  ABANDONED ISSUES

5      The parties are not aware of any abandoned issues in this
6  case.

7                    IX.   WITNESSES

8      Plaintiff and Defendant anticipate calling the following
9  witnesses:
10     1.   Person Most Knowledgeable at Renaissance Ribbons; and
11     2.   Hadley Pollet.
12     Each party may call a witness designated by the other.
13     A.   No other witnesses will be permitted to testify unless:
14          (1)  The party offering the witness demonstrates that the
15 witness is for the purpose of rebutting evidence which could not be
16 reasonably anticipated at the Pretrial Conference, or
17          (2)  The witness was discovered after the Pretrial
18 Conference and the proffering party makes the showing required in
19 "B" below.
20     B.   Upon the post-Pretrial discovery of witnesses, the
21 attorney shall promptly inform the court and opposing parties of
22 the existence of the unlisted witnesses so that the court may
23 consider at trial whether the witnesses shall be permitted to
24 testify.  The evidence will not be permitted unless:
25          (1)  The witnesses could not reasonably have been
26 discovered prior to Pretrial;
27          (2)  The court and opposing counsel were promptly
28 notified upon discovery of the witnesses;

1             (3)  If time permitted, counsel proffered the witnesses
2  for deposition;
3             (4)  If time did not permit, a reasonable summary of the
4  witnesses' testimony was provided opposing counsel.
5                 X. <u>EXHIBITS, SCHEDULES AND SUMMARIES</u>
6       Plaintiff and Defendant intend to introduce the following
7  exhibits:
8       1.   The Settlement Agreement and Related Documents; and
9       2.   A calculation of moneys due.
10      Each party may use an exhibit designated by the other.
11      A.   No other exhibits will be permitted to be introduced
12 unless:
13            (1)  The party proffering the exhibit demonstrates that
14 the exhibit is for the purpose of rebutting evidence which could
15 not be reasonably anticipated at the Pretrial Conference, or
16            (2)  The exhibit was discovered after the Pretrial
17 Conference and the proffering party makes the showing required in
18 paragraph "B," below.
19      B.   Upon the post-Pretrial discovery of exhibits, the
20 attorneys shall promptly inform the court and opposing counsel of
21 the existence of such exhibits so that the court may consider at
22 trial their admissibility.  The exhibits will not be received
23 unless the proffering party demonstrates:
24            (1)  The exhibits could not reasonably have been
25 discovered prior to Pretrial;
26            (2)  The court and counsel were promptly informed of
27 their existence;
28            (3)  Counsel forwarded a copy of the exhibit(s) (if

physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fourteen (14) days before trial. Each party is then granted five (5) days to file and serve objections to any of the exhibits.  In making the objection, the party is to set forth the grounds for the objection.  The parties shall pre-mark their respective exhibits in accord with the Court's Pretrial Order.  Exhibit stickers may be obtained through the Clerk's Office.  An original and one (1) copy of the exhibits shall be presented to Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on the date set for trial or at such earlier time as may be agreed upon.  Mr. Vine can be contacted at (916) 930-4091 or via e-mail at: hvine@caed.uscourts.gov.  As to each exhibit which is not objected to, it shall be marked and may be received into evidence on motion and will require no further foundation.  Each exhibit which is objected to will be marked for identification only.

## XI. DISCOVERY DOCUMENTS

None.

## XII. FURTHER DISCOVERY OR MOTIONS

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference.  That order is confirmed.  The parties are free to do anything they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this court.

XIII. <u>STIPULATIONS</u>

None.

XIV. <u>AMENDMENTS/DISMISSALS</u>

None.

XV. <u>FURTHER TRIAL PREPARATION</u>

A. Counsel are directed to Local Rule 285 regarding the contents of trial briefs.

B. It is the duty of counsel to ensure that any deposition which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(4)(j). The depositions shall be lodged with the court clerk seven (7) calendar days prior to the date of the trial. Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

C. The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

D. The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before trial the portions of Answers to Interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

E. The parties are not required to file in limine motions. If there are any such motions, they may be made orally and will be

heard on the first day of trial.

### XVI. SETTLEMENT NEGOTIATIONS

No formal settlement negotiations will be set by the Court.

### XVII. AGREED STATEMENTS

See paragraph III, *supra*.

### XVIII. SEPARATE TRIAL OF ISSUES

A separate trial is not required on any issue.

### XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

No experts are required for this case.

### XX. ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 293.

### XXI. MISCELLANEOUS

None.

### XXII. ESTIMATE OF TRIAL TIME/TRIAL DATE

The parties estimate one (1) court day for trial.  Trial will commence on December 13, 2010, at 9:00 a.m.

Counsel are to call Harry Vine, Courtroom Deputy, at (916) 930-4091, one week prior to trial to ascertain the status of the trial date.

### XXIII. OBJECTIONS TO PRETRIAL ORDER

Each party is granted seven (7) days from the date of this Pretrial Order to object to it via ECF.

IT IS SO ORDERED.

DATED: October 22, 2010.

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE